S. LANE TUCKER
United States Attorney

JACK S. SCHMIDT
Assistant United States Attorney
Federal Building and U.S. Courthouse
709 West 9th Street, Room 937
Post Office Box 21627
Juneau, Alaska 99802
Phone: (907) 796-0400
Fax: (907) 796-0409
E-mail: jack.schmidt@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 1:23-cr-00008-TMB-MMS |
| Plaintiff, | ) |
| vs. | ) |
| AUSTIN NOLAN DWIGHT RUTHERFORD, | ) |
| Defendant. | ) |

**UNITED STATES SENTENCING MEMORANDUM**

<u>**SUMMARY OF SENTENCING RECOMMENDATIONS**</u>

**TERM OF IMPRISONMENT** ........................................................................ 36 months

**SUPERVISED RELEASE** ..................................................................................5 years

**SPECIAL ASSESSMENT** ................................................................................ $200.00

The United States Probation Office (USPO) has prepared a presentence investigation report (PSR) in this case. The United States agrees with the factual and legal findings of the USPO.

**18 U.S.C. § 3553 FACTORS**

The crime itself and the history of the defendant are facts the Court must consider when fashioning an appropriate sentence for the defendant. An application of the factors set forth in 18 U.S.C. § 3553(a) supports the imposition of a sentence of 36 months of incarceration and five years of supervised release.

A.  **The nature and circumstances of the offense.**

The conduct in this offense involved a calculated, systematic, continued pattern of dishonesty, as well as a serious breach of trust to the defendant's employer and the customers that they served. Axiom Armored Transport (Axiom) employed RUTHERFORD as an armed transport guard, which gave RUTHERFORD access to all of the U.S. Currency for the banks that Axiom serviced who was contracted, and connected in a capacity, to provided armed transportation with the following financial institutions: U.S. Bank, Wells, Fargo Bank, Key Bank, NuVision Credit Union, and Alaska USA Federal Credit Union and their customers Automatic Teller Machines (ATM). RUTHERFORD's responsibilities consisted of the daily management of U.S. Currency in Axiom's possession on behalf of above identified financial institutions and at the financial institutions request, to take those funds in Axiom's possession and to deliver those funds to the financial institutions or to their customers ATMs. In the capacity of

RUTHERFORD's employment, RUTHERFORD had access to cash of U.S. Bank, Wells Fargo Bank, Key Bank, NuVision Credit Union, and Alaska USA Federal Credit Union and to make those deposits at the financial institution or at their customers ATMs at the directions of the financial institutions.

Beginning on or about March 2020, RUTHERFORD began to use his position to steal the U.S. Currency from the financial institutions who entrusted it to the care of Axiom. RUTHERFORD was recorded by Axiom security cameras taking a large amount. of cash from the Axiom property and taking that cash with him and getting into his personal vehicle and driving from the property. RUTHERFORD's bank records from March 16, 2020, through May 2022, showed that RUTHERFORD had made multiple, cash deposits into his personal bank account, including numerous cash deposits to a number of ATMs totaling $338,587.38 outside of legitimate sources of income associated with RUTHERFORD. RUTHERFORD used this money for his own personal benefit. In March 2022, Axiom terminated RUTHERFORD after discovering $579,400.00 in loss after a detailed accounting of Axiom's U.S. Currency holdings; however, RUTHERFORD continued to use the financial institutions U.S. Currency to make multiple cash deposits into ATMs into his bank account until May 2022.

Between March 2020, and until May 2022, RUTHERFORD did embezzle and steal $579,400.00 of U.S. Bank, Wells Fargo Bank, Key Bank, NuVision Credit Union, and Alaska USA Federal Credit Union funds, with the intent to defraud, by using his position as an armed transport guard to steal cash from these financial institutions

entrusted to Axiom, which RUTHERFORD used for his own personal benefit. During this entire period of time, the deposits of U.S. Bank, Wells Fargo Bank, and Key Bank were insured by the Federal Deposit Insurance Corporation and NuVision Credit Union and Alaska USA Federal Credit Union were insured by the National Credit Union Administration Board.

Axiom's insurer, Lloyd's of London paid out claims to all of the victims in this case. The government requests restitution in the amount $579,400.00, be ordered to be paid by to the defendant to Lloyd's of London and an additional restitution claim of $86,130.00 to Axiom for their out-of-pocket costs directly related to Axiom's expenses related to the investigation underlying offense submitted on September 12, 2023.

**B.     The history and characteristics of the defendant.**

The defendant is 29 years old with no adult criminal history record. RUTHERFORD does have some substance abuse issues involving the use of alcohol. However, this does not excuse his behavior, as the conduct committed by the defendant was calculated to reap the maximum amount of funds and sophisticated enough to allow RUTHERFORD to continue to steal money over the course of years and to be able to continue with that activity without ever being caught until amassing a loss of over a half of a million dollars. The defendant main underlying reason for committing this offense was greed.

**C.     The seriousness of the offense.**

This was a very serious offense and a serious breach of trust. The security of our

financial institutions is a paramount concern for many individuals. In a day and age, where a click of a button can lead to financial insecurity is a disturbing reality that we now live in. It's much more serious when individuals who are employed by a financial institution whom we place our trust to keep our money secure violate the trust of the public with criminal actions committed by individuals like RUTHERFORD. The other unseen costs associated with the offense will affect RUTHERFORD's ex-employer for years to come with increased premiums to protect him from this type of situation. As such, it makes this offense much more serious because of the serious breach of trust involved in this case and the erosion of that trust in our banking institutions. Rutherford was a branch manager and was in charge of sending reports to the main branch for their records and was required to when there were audits to provide the documentation of deposits and other records. Due to Rutherford's position, he was able to conceal his thefts over several years without detection and would not have been able to if he were not in that position. Rutherford is appropriately subjected to a two-point enhancement pursuant to his managerial role in the organization and therefore subject to the enhancement under USSG 3B1.3. As such, because of the defendant's breach of trust the nature and circumstance of the offense demands a significant sentence.

    **D.    The need to provide just punishment for the offense and to protect the public.**

RUTHERFORD's crimes effected a number of entities; however, Axiom's insurer, Llyod's of London quickly ensured that everyone was made whole from this offense. Yet, the abuse of trust of the public and of the financial institution is something

that will never be fully restored. It is important for the court to provide a just punishment for RUTHERFORD's abuse of trust. Moreover, a just punishment is a prison sentence, and a mid-range sentence of 36 months is appropriate under the circumstances based on the amount of money stolen, the length of the course of the offense, and the breach of trust that RUTHERFORD violated with all of the banks, credit unions, employer and the public in general. The defendant would benefit from the RDAP program to address his alcohol issues and a referral for a mental health assessment appears to be appropriate in this case as well. If this is not ordered by the court, RUTHERFORD will continue to be a danger to the public and will likely commit other financial crimes in order to support his drug addiction.

### E. To afford adequate deterrence to criminal conduct.

A significant sentence of imprisonment required to deter this defendant and other defendants from engaging in this type of conduct in the future. The penalty needs to be significant enough to deter the defendant (36-month sentence), but also others who may be similarly inclined to engage in this illegal behavior. The defendant mainly committed this offense for financial motives.

There was over $579,400.00 in loss in this case. As such, there needs to a sentence that will provide an adequate deterrence to the defendant and others which may be similarly inclined.

### F. To protect the public from further crimes of the defendant.

The defendant needs a sentence that is sufficient to protect the public from future

crimes of the defendant. A sentence to protect the public will need direct supervision over the defendant to ensure that he paid his restitution, addresses his alcohol issues, possible mental health issues, and to ensure that RUTHERFORD is not in positions of trust during his period of supervision.

## CONCLUSION

The government recommends a sentence of 36 months of incarceration, a mid-range guideline sentence and supervised release for five years to be sufficient in this case, as it satisfies the sentencing factors delineated pursuant to 18 U.S.C. § 3553.

RESPECTFULLY SUBMITTED on September 12, 2023, at Juneau, Alaska.

S. LANE TUCKER
United States Attorney

*s/ Jack S. Schmidt*
JACK S. SCHMIDT
Assistant United States Attorney

**CERTIFICATE OF SERVICE**
I hereby certify that on September 12, 2023,
a true and correct copy of the foregoing was
served electronically on the following:

Counsel of Record

*s/ Jack S. Schmidt*
Office of the U.S. Attorney